People v Machado-Garcia

2026 NY Slip Op 02529

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

CARLOS A. MACHADO-GARCIA, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

176 KA 23-00327

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (RYAN ASHE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered December 22, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the plea was not entered knowingly, intelligently, and voluntarily because Supreme Court failed to advise him of the sentencing consequences of Penal Law § 70.25 (2-b). By failing to move to withdraw the plea or to vacate the judgment of conviction on that ground, defendant failed to preserve his contention for our review (see People v Laury, 156 AD3d 1473, 1473 [4th Dept 2017], lv denied 32 NY3d 939 [2018]; see generally People v Delorbe, 35 NY3d 112, 119 [2020]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).

Inasmuch as defendant's contentions regarding the effective assistance of counsel would survive even a valid waiver of the right to appeal to the same extent that they would survive his plea, we need not address the validity of the waiver of the right to appeal (see People v Burgess, — AD3d —, —, 2026 NY Slip Op 01892, *1 [4th Dept 2026]; People v Shaw, 222 AD3d 1401, 1401, 1403 [4th Dept 2023], lv denied 42 NY3d 930 [2024]). Defendant's contention that he was denied effective assistance of counsel prior to entering his plea does not survive his plea because defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (People v Dewiel, 100 AD3d 1524, 1525 [4th Dept 2012], lv denied 20 NY3d 1010 [2013] [internal quotation marks omitted]; see generally People v Richards, 239 AD3d 1330, 1331 [4th Dept 2025], lv denied 44 NY3d 1013 [2025]). Defendant further contends that defense counsel failed to present sufficient mitigating circumstances at sentencing to warrant the imposition of a sentence that would run concurrently with a sentence imposed on an unrelated conviction (see Penal Law § 70.25 [2-b]). Even assuming, arguendo, that defendant's contention survives his guilty plea and waiver of the right to appeal (see People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]), we conclude that, under the circumstances of this case, defense counsel's inability to persuade the sentencing court to impose concurrent sentences did not constitute ineffective assistance of counsel (see generally People v Avent, 178 AD3d 1403, 1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; see People v Smith, 300 AD2d 745, 746 [3d Dept 2002], lv denied 99 NY2d 620 [2003]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court